# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| James Dirk Roberts,<br><br>        Petitioner,<br><br>v.<br><br>Craig Apker,<br><br>        Respondent. | CV 10-00128-TUC-RCC (JM)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner James Dirk Roberts filed a *pro se* Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 626(b)(1)(B) and Local Rule – Civil 72.1(b). As discussed below, the Magistrate Judge finds that Petitioner's claims are moot and, even if considered on the merits, do not warrant relief, and therefore recommends that the petition and be denied and that this case be dismissed.

**I.  Background**

Petitioner, who at the time of filing was incarcerated at USP Tucson, was sentenced to 63 month imprisonment after pleading guilty to charges of possession of child pornography and indecent exposure. *Petition*, p. 1. He alleges in the petition that the Bureau of Prisons ("BOP") violated the Second Chance Act of 2007 ("SCA"), particularly 18 U.S.C. §§ 3621 and 3624(c), by failing to evaluate his halfway house needs on an individualized basis. He contends that he was entitled to year-long placement in a Residential Re-entry Center ("RRC") rather than the 150 to 180 days actually allowed. On May 3, 2011,

Petitioner was released from BOP custody pursuant to Good Conduct Time release. *Motion to Dismiss*, Ex. A.

**II.   Discussion**

   **A.   The Petition is moot.**

For relief on his claim, Petitioner sought immediate review of his release to a RRC and placement in such a facility for the maximum 12 month period. As this claim effectively seeks early release from BOP custody, and since Petitioner has already been released from custody, the Petition has become moot, and habeas relief is not warranted. *See Picron–Peron v. Rison,* 930 F.2d 773, 776 (9th Cir.1991) (habeas claim is moot when court no longer has power to grant requested relief); see also *United States v. Arnette*, 329 Fed. Appx. 714, 715 (9th Cir.2009) (where federal habeas petitioner has been released from federal custody, and can obtain no effective relief for his claims, and there remain no collateral consequences resulting from his claims, case has become moot).

   **B.   Petitioner's claim is meritless.**

In a recent Report and Recommendation adopted by the District Court, Magistrate Judge Guerin addressed a claim identical in all pertinent respects to the instant case and, in recommending denial of the petition, reasoned as follows:

> The SCA does not mandate a RCC placement of 12-months or prohibit a placement of less than 12-months. *See* 18 U.S.C. § 3624(c); *Roman v. Berkebile*, 2008 WL 4559825 at *2 n. 2 (N.D.Tex. Oct. 6, 2008) (prisoners may receive a maximum of 12 months under the Second Chance Act, but there is no presumptive minimum). Although Petitioner may understandably believe that a longer RRC placement would benefit him, a petitioner "is not entitled to a writ of habeas corpus simply because he thinks the Bureau of Prisons misjudged his situation and made a bad decision about when he should be transferred to an RRC." *Segovia-Reyna v. Cruz*, 2009 WL 279482 (D.Minn.2009). The SCA only requires that the BOP Consider an inmate for RRC placement; it does not mandate that the inmate actually get such placement.. *Wedelstedt v. Wiley*, 477 F.3d 1160, 1168 (10th Cir. 2007). In sum, an inmate is entitled to a good faith and proper exercise of discretion by the BOP. *Rodriguez v. Smith*, 2007 WL 628663 (E.D.Cal. Feb. 28, 2007), *aff'd* 541 F.3d 1880, 1887 (9th Cir.

> 2008). [The Petitioner] has failed to demonstrate that the BOP failed to properly exercise its discretion in this matter.

*Bruce v. Apker*, 2009 WL 2509170 (D.Ariz. Aug. 17, 2009). As was the situation in Judge Guerin's case, the Petitioner here has not established that the BOP failed to properly exercise its discretion. In fact, Petitioner here does not allege that BOP has not considered longer placement, but alleges that BOP's process was insufficiently individualized even though at the time of filing his hearing had yet to occur. Moreover, Petitioner goes so far as to admit that he cannot prove that the BOP acted inconsistent with the law. *Petition*, Attachment, p. 7. For these reasons, Petitioner has not shown that BOP has violated his rights under the SCA.

**III.  Recommendation**

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, **GRANT** Respondent's Motion to Dismiss (Doc. 26), **DISMISS WITH PREJUDICE** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1), and **DENY** Petitioner's pending motions (Docs. 20, 21 and 22).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 10-0128-TUC-RCC**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo*

consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 27th day of July, 2011.

Jacqueline Marshall
United States Magistrate Judge